UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COURTNEY MEEK | Plaintiff | CIVIL ACTION NO. |
| | | SECTION |
| Versus | | MAGISTRATE |
| DAVID RODDY, | Defendants | |
| JEFFERSON PARISH SHERIFF'S OFFICE, | | |
| JOYCE RIASCOS AND | | |
| WALMART, INC. | | |

**COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes the petitioner, Courtney Meek, a person of the full age of majority who is a resident of and domiciled in the Eastern District of Louisiana, who respectfully avers as follows:

1.

This action arises under the Constitution of the United States, particularly the 4th and 14th Amendments, and 42 U.S.C. § 1981, et seq. especially § 1983 as hereinafter more fully appears, to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States The jurisdiction of this court is founded on 28 U.S.C. § 1331 and § 1343. The supplemental jurisdiction of this court is invoked for claims arising under the laws of the State of Louisiana.

2.

Made defendants herein relative to the accident at issue that occurred on October 22, 2019, are:

A. David Roddy (hereinafter "Roddy"), a resident of the Eastern District of Louisiana acting at all times relevant hereto under the color of law and in the course and scope of his employment with the Jefferson Parish Sheriff's Office. He is being sued in his individual and official capacity;

B. Jefferson Parish Sheriff's Office (hereinafter "JPSO"), a body politic of the State of Louisiana domiciled in the Eastern District of Louisiana. At all times relevant herein, defendant, Jefferson Parish Sheriff's Office, was responsible for the hiring, training, supervision, discipline, and control of the deputies it employs. JPSO is vicariously liable through the doctrine of *respondeat superior* for the actions and inactions of its employees.

C. Joyce Riascos (hereinafter "Riascos"), a resident of the Eastern District of Louisiana acting at all times relevant hereto in the course and scope of her employment with Walmart, Inc.

D. Walmart, Inc. is a Delaware corporation with its principal place of business in Bentonville, Arkansas, and is a publicly held company. At all times relevant herein, defendant, Walmart, Inc,, was responsible for the hiring, training, supervision, discipline, and control of its employees. Walmart, Inc. is vicariously liable through the doctrine of *respondeat superior* for the actions and inactions of its employees.

3.

Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391 and because as all parties as located within the Eastern District of Louisiana, and the cause of action arose in the Eastern District of Louisiana.

4.

The aforementioned defendants are jointly, severally and *in solido* liable for a reasonable sum of damages, together with legal interest thereon for the following reasons, to-wit:

5.

On October 22, 2019, Courtney Meek was a patron at the Walmart, Inc. superstore location at 5110 Jefferson Highway in Harahan, Louisiana 70123, at approximately 4 p.m. At all times relevant to the instant matter, Ms. Meek's two (2) year old son, Noah, was seated in the Petitioner's shopping cart. On the date in question, Ms. Meek was approximately eight (8) months pregnant.

6.

After the Petitioner completed her shopping trip, Ms. Meek entered the self-check lane at the Walmart. Inc. superstore. After scanning her items, the Petitioner realized that she left her debit card in her car that was parked in the store's parking lot. Ms. Meek immediately called her boyfriend, Anthony Dixon, who was seated in the car and asked him to bring her the debit card so that she could pay for her items.

7.

The Petitioner observed Mr. Dixon walking towards the store's entrance and attempt to locate Ms. Meek. The Petitioner walked towards Mr. Dixon while pushing the shopping cart in which her minor son, Noah, was still seated. As Mr. Dixon approached Ms. Meek to hand her the debit card, JPSO Officer Roddy first approached the Petitioner to advise that she was not permitted to leave the checkout area without first paying for her items. Ms. Meek advised Officer Roddy that she intended to pay for her items, but needed her debit card that she had left in the car.

8.

After Mr. Dixon handed the Petitioner her debit card, she purchased some but not all of the items in her cart. Ms. Meek opted only to buy those items essential for her son

Noah's birthday because she felt anxious and afraid after being advised by Officer Roddy not to leave the checkout area.

9.

After paying for her items, the Petitioner walked towards the exit with her son still in her shopping cart when she was detained by Officer Roddy that she was not permitted to leave the store. Officer Roddy then grabbed Ms. Meek and propelled her towards a Walmart, Inc. office located near the front of the superstore. The Petitioner was pushed through the office door with the shopping cart in which her son, Noah, was still seated.

10.

After Ms. Meek was forced into the office with her son still seated in the shopping cart, she was placed in handcuffs and shoved, stomach first, into a desk. Officer Roddy then slapped and punched the Petitioner across the face and tightened her handcuffs three (3) times all while her son, Noah, watched them. Thereafter, Ms. Meek noticed that fluid was leaking from her vaginal area. The Petitioner advised Officer Roddy that she was concerned that her water had broken as a result of the being pushed into the desk. She begged him for medical assistance. At all times during the incidents described in this paragraph, Joyce Riascos and another unidentified Walmart, Inc. employee were present in the office and observed Officer's Roddy's pushing and striking Ms. Meek and did nothing to intervene or assist Ms. Meek.

11.

Officer Roddy then contacted emergency medical services to assist the Petitioner. As Ms. Meek was being led from the office to an ambulance for evaluation, an unknown

Walmart, Inc. employee grabbed Noah and handed him to Mr. Dixon who was waiting outside the office door.

12.

After being evaluated by emergency medical services, the Petitioner was transported to the Jefferson Parish Correctional Center.  Upon her arrival, the Jefferson Parish Correctional Center refused to accept Ms. Meek.  Thereafter, the Petitioner was taken to University Hospital and transferred to Touro Infirmary.  After arriving treatment at Touro Infirmary, Ms. Meek was provided with a misdemeanor summons for violations of La. R.S. 14:67(B)(4) Theft less than $1,000 and La. R.S. 14:108 Resisting an Officer. These charges are presently pending in the First Parish Court for the Parish of Jefferson and have yet to be adjudicated. The Petitioner has entered pleas of not guilty to each charge.

13.

The unlawful detainment and arrest of Courtney Meek by defendants was made without probable cause and with excessive force and thus constitutes an unlawful seizure in violation of the 4th and 14th Amendments to the United States Constitution. For these reasons, defendants are answerable to the Petitioner for damages and attorney's fees pursuant to 42 U.S.C. § 1983 and § 1988. The actions of Officer Roddy, Riascos and the other unnamed Walmart, Inc. employee  also constitute false arrest and battery for which they are answerable under Louisiana Civil Code article 2315.

14.

On the date in question, Officer Roddy used unreasonable, unlawful and excessive force against the Petitioner with the sole purpose of inflicting pain and physical injury when Courtney Meek was not a physical threat to herself or others.  As a result of her false

imprisonment at the hands of Officer Roddy, the Petitioner suffered mental, emotional and physical pain and suffering. Additionally, Ms. Meek incurred special damages in the form of past and future lost wages as well as past and future medical expenses. And, ss a direct and proximate cause of the actions of Officer Roddy, the Petitioner suffered immediate physical pain, humiliation and physical injury.

15.

The Jefferson Parish Sheriff's Office, on the dates in question is also answerable to the Petitioner for the state law damages flowing from Officer Roddy's actions because JPSO supervised Officer Roddy on the date at issue in the instant Complaint. The JPSO failed to properly oversee Officer Roddy and, as a result of this failure to oversee, Officer Roddy engaged in activities which violated the rights of Courtney Meek. Additionally, the constitutional violations and injuries to the Petitioner were directly and proximally by the customs, policies and practices of the JPSO. The aforementioned customs, policies and practices include but are not limited to the following:

a.  Failing to properly train, supervise and monitor all JPSO police officers; and,

b.  Authorizing unlawful detainment, false imprisonment and arrest.

16.

JPSO and Walmart, Inc, are answerable to the Petitioner for the state law damages flowing from the actions of actions of their employees under the theory of *respondeat superior* since, at all times pertinent to the instant matter, Officer Roddy and  Riascos were in the course and scope of their employment.

17.

Furthermore, because the actions of Officer Roddy were done maliciously and wantonly, JPSO and Officer Roddy are all liable to the Petitioner for punitive damages.

18.

The Petitioner has suffered irreparable mental, physical and psychological harm as a result of the policies, practices, procedures and customs of JPSP as described herein. The conduct of Officer Roddy deprived the Petitioner of equal protection under the law and constituted deliberate indifference toward the Petitioner's safety and welfare.

19.

As a direct and proximate result of the acts and omissions of JPSO, Officer Roddy, Riascos and Walmart, Inc., Courtney Meek has been injured in her person and her property, and is entitled to damages for:

A. Physical pain and suffering;

B. Mental and emotional pain and suffering, including humiliation, aggravation, anxiety, inconvenience, fear, fright and intimidation;

C. Depravation of rights, privileges and immunities which the Petitioner and all citizens are entitled;

D. To the extent allowed by law, punitive and exemplary damages to be assessed in the nature of a fine to ensure that the conduct the defendants as described in the instant Complaint which was accomplished by victimizing Ms. Meek is not utilized by any of the defendants at any point in the future;

E. Lost wages, earnings, diminished work capacity and other economic support; and,

F.   Loss of consortium, society and affection.

20.

The Petitioner prays for a trial by jury.

WHEREFORE, petitioner, Courtney Meek, prays that the defendants be duly cited to appear and answer this petition, that they be served with a copy of same, that the Court exercise its supplemental jurisdiction over the state law claims, and that, after legal delays and due proceedings had, there be judgment herein in favor of said petitioner against defendants, David Roddy, Jefferson Parish Sheriff's Office, Joyce Riascos and Walmart, Inc., in a sum sufficient to reasonably compensate plaintiff for the damages sustained herein together with legal interest thereon from the date of judicial demand until paid, and for all costs of these proceedings and for all general and equitable relief.

FRANK G. DESALVO, APLC


BY: /s/ Frank G. DeSalvo_____
FRANK G. DESALVO, 4898
SHANNON R. BOURGEOIS, #30033
739 Baronne Street
New Orleans, Louisiana 70113
Telephone:    (504) 524-4191
Facsimile:     (504)821-0036
Attorneys for Courtney Meek