UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COURTNEY MEEK                                    CIVIL ACTION

VERSUS                                           NO: 20-2880

DAVID RODDY, ET AL.                              SECTION: "J" (3)

## ORDER AND REASONS

Before the Court is a *Motion to Dismiss for Failure to State a Claim* **(Rec. Doc. 7)** filed by Defendant, Walmart, Inc. Plaintiff, Courtney Meek, opposes the motion. (Rec. Doc. 9). Defendant filed a reply (Rec. Doc. 14). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL HISTORY

On October 22, 2019, Plaintiff, who was approximately eight months pregnant, entered a Walmart Superstore located at 5110 Jefferson Highway in Harahan, Louisiana, along with her son. After shopping, Plaintiff entered the self-check lane and scanned her items. When Plaintiff realized that she had left her debit card in the car, she called her boyfriend, who was in the car, to bring her the debit card. While pushing the grocery cart, Plaintiff walked towards the entrance of the store to retrieve her card from her boyfriend. Officer Roddy, an employee of Jefferson Parish Sheriff's Office, then approached Plaintiff to advise her that she could not leave the

1

checkout area without paying for her items. Plaintiff informed Officer Roddy that she had forgotten her debit card and retrieved the debit card from her boyfriend.

After returning to check out, Plaintiff purchased some, but not all, of the items in her cart. After checking out, Plaintiff walked towards the exit, where she was detained by Officer Roddy. Plaintiff alleges that she was forced into an office in the store by Officer Roddy, where she was placed in handcuffs and shoved stomach first into a desk, slapped and punched in the face, and had her handcuffs tightened three times. According to Plaintiff, Joyce Riascos and another unidentified Walmart employee observed Officer Roddy's conduct but did not intervene.

After realizing that she had fluid leaking out of her vaginal area, Plaintiff asked Officer Roddy for medical assistance, and he contacted emergency medical services. Plaintiff was subsequently brought to Touro Infirmary for treatment. Following these events, Plaintiff was provided with misdemeanor summons for violations of La. R.S. 14:67(B)(4) Theft less than $1,000 and La. R.S. 14:108 Resisting an Officer. These charges are currently pending.

In addition to her claims against Officer Roddy and Sheriff Joseph P. Lopinto, III, Plaintiff filed suit against Walmart and Joyce Riascos, arguing that they are liable to her under 42 U.S.C. § 1983 for excessive force and unlawful arrest and seizure. Plaintiff also brought state law claims against Walmart and Joyce Riascos for false arrest and battery under La. Civ. Code art. 2315. Walmart responded to the aforementioned claims by filing the instant motion to dismiss, arguing that Plaintiff's

claims against Walmart and Joyce Riascos should be dismissed for failure to state a claim upon which relief can be granted.

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal citations omitted). The allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir. 1998)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. "[C]onclusory

allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor*, 296 F.3d at 378.

## DISCUSSION

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) a deprivation of a right secured by federal law (2) that occurred under color of state law, and (3) was caused by a state actor." *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004). The standard for the liability of a merchant under § 1983 was explained by the Fifth Circuit in *Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743, 749 (5th Circ. 2001). In that case, the Fifth Circuit held that "a merchant is not a state actor unless the conduct on the part of a guard or officer giving rise to the claimed deprivation occurred based solely on designation of suspicion by the merchant and was not accompanied by any independent investigation by the office." *Id.*

In this case, Walmart argues that it was not a state actor, thus it cannot be held liable under § 1983. The complaint includes no allegations that Officer Roddy detained Plaintiff under the directive or influence of any Walmart employees. In fact, the first mention of the Walmart employees in the complaint occurs after Plaintiff was apparently already detained by Officer Roddy. (Rec. Doc. 1, at p. 4). Further, the narrative provided in the complaint indicates that Plaintiff was detained based solely on the discretion of Officer Roddy. Thus, it is clear to the Court that the complaint does not sufficiently state a claim against Walmart and Joyce Riascos under § 1983.

Similarly, Plaintiff's complaint is insufficient to state a claim against Walmart and Joyce Riascos for battery and false imprisonment under Louisiana law. Battery

4

"requires a touching" and false imprisonment occurs when "one arrests and restrains another against his will." *Boone v. Reese*, 889 So. 2d 435, 440 (La. App. 3d Cir. 2004); *Waguespack v. J.*, 877 So. 2d 1090, 1093 (La. App. 5th Cir. 2004). Here, Plaintiff solely alleges that Officer Roddy detained and battered Plaintiff. Since there are no allegations that Walmart or its employees detained or battered Plaintiff, the complaints fails to state a claim against Walmart and Joyce Riacos for battery and false imprisonment.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's *Motion to Dismiss* **(Rec. Doc. 7)** is **GRANTED**. Plaintiff's claims against Walmart and Joyce Riascos are hereby **DISMISSED with prejudice**.

New Orleans, Louisiana, this 15th day of March, 2021.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE