UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COURTNEY MEEK | CIVIL ACTION |
| VERSUS | NO.: 20-2880 |
| DAVID RODDY, ET AL. | SECTION: "J" (3) |

## ORDER & REASONS

Before the Court is Defendant Walmart's *Motion to Dismiss Cross-Claim* **(Rec. Doc. 23)**; Defendants and Cross Claimants – Sheriff Joseph P. Lopinto, III and Jefferson Parish Sheriff's Office ("JPSO") Deputy David Roddy's – ("Cross Claimants") opposition **(Rec. Doc. 26)**; and Walmart's reply **(Rec. Doc. 29)**. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

On October 22, 2019, Plaintiff, who was approximately eight months pregnant, was shopping at a Walmart Superstore located at 5110 Jefferson Highway in Harahan, Louisiana. (Rec. Doc. 1). After Plaintiff purchased some, but not all, of the items in her cart, she walked towards the exit, where she was detained by JPSO Officer Roddy. *Id.* Plaintiff alleges that she was forced into an office in the store by Officer Roddy, where she was placed in handcuffs and shoved stomach first into a desk, slapped and punched in the face, and had her handcuffs tightened three times. *Id.* According to Plaintiff, Joyce Riascos and another unidentified Walmart employee observed Officer Roddy's conduct but did not intervene. *Id.*

After realizing that she had fluid leaking out of her vaginal area, Plaintiff asked Officer Roddy for medical assistance, and he contacted emergency medical services. *Id.* Plaintiff was subsequently brought to Touro Infirmary for treatment. *Id.* Following these events, Plaintiff was provided with misdemeanor summons for violations of La. R.S. 14:67(B)(4) Theft less than $1,000 and La. R.S. 14:108 Resisting an Officer. *Id.* These charges are currently pending. *Id.*

In addition to her claims against Officer Roddy and Sheriff Joseph P. Lopinto, III, Plaintiff filed suit against Walmart and Joyce Riascos, arguing that they are liable to her under 42 U.S.C. § 1983 for excessive force and unlawful arrest and seizure. *Id.* Plaintiff also brought state law claims against Walmart and Joyce Riascos for false arrest and battery under La. Civ. Code art. 2315. *Id.* Walmart responded to the aforementioned claims by filing a motion to dismiss, arguing that Plaintiff's claims against Walmart and Joyce Riascos should be dismissed for failure to state a claim upon which relief can be granted. (Rec. Doc. 7). The Court granted Walmart's Motion to Dismiss on March 15, 2021, and the Court dismissed with prejudice Plaintiff's § 1983 claim and Plaintiff's state law battery and false imprisonment claims as to Defendant Walmart. *Id.*

On February 22, 2021, about a month prior to Walmart's dismissal, Defendants Sheriff Joseph P. Lopinto, III and JPSO Deputy David Roddy filed a cross-claim against Walmart alleging that if Officer Roddy is found liable to Plaintiff, then Walmart should be held "vicariously liable for any damages cast against its agent, David Roddy, acting in accordance with his course and scope of his employment with

Walmart, Inc." (Rec. Doc. 18, at 6). Walmart subsequently filed the instant motion to dismiss the cross-claim against it. (Rec. Doc. 23).

## LEGAL STANDARD

Walmart moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). However, because Walmart has already filed an answer (Rec. Doc. 20), Walmart's motion is one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See* Fed. R. Civ. P 12(h)(2)(B). Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion brought pursuant to Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990).

Courts evaluate a motion under Rule 12(c) for judgment on the pleadings using the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). In deciding a motion under Rule 12(c), the Court must determine whether the complaint, viewed in the light most favorable to the plaintiff, states a valid claim for relief. *Id.* The plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the

3

misconduct alleged." *Id.* The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, although, the court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff, *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009), "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss," *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

## DISCUSSION

Walmart argues that the cross-claim is moot because this Court dismissed Walmart with prejudice, and thus Walmart cannot be found liable to Plaintiff for any damages in connection with Plaintiff's October 22, 2019 arrest. (Rec. Doc. 23, at 5). Moreover, Walmart contends that vicarious liability is an affirmative defense, not an independent cause of action. *Id.* at 7. In opposition, Cross Claimants assert that their allegation that Officer Roddy was an employee of Walmart is plausible on its face. (Rec. Doc. 26, at 8). Specifically, the cross-claim alleges that "Roddy was working what is referred to as an off-duty detail for Walmart, Inc." and "Roddy [was] acting in the course and scope of his employment with Walmart, Inc." (Rec. Doc. 18, at 6). Notably, Plaintiff's complaint includes no allegations that Officer Roddy detained Plaintiff under the directive or influence of any Walmart employees. In fact, the first mention of the Walmart employees in the complaint occurs after Plaintiff was

4

apparently already detained by Officer Roddy. (Rec. Doc. 1, at 4). Further, the narrative provided in the complaint indicates that Plaintiff was detained based solely on the discretion of Officer Roddy. *Id.*

Pursuant to Louisiana Civil Code Article 2320, an employer is liable for the tortious acts of its employees "in the exercise of the functions in which they are employed." *Duplantis v. Dillard's Dept. Store*, 849 So. 2d 675, 678 (La. Ct. App. 1 Cir. 2003). This is known as vicarious liability, and it may be divided into three elements: (1) there must be an employment relationship, *id.*; (2) the employee must be acting in the course and scope of his employment; and (3) the employee must be at fault, *Am. Fed'n of Unions Loc. 102 Health & Welfare Fund v. Equitable Life Assur. Soc. of the U.S.*, 841 F.2d 658, 665 (5th Cir. 1988) (*citing Sampay v. Morton Salt Co.*, 395 So.2d 326, 328 (La. 1981)). However, "'vicarious liability' is not a cause of action, but rather a method of holding one party liable for the conduct of another . . . ." *Dennis v. Collins*, No. CV 15-2410, 2016 WL 6637973, at *5 (W.D. La. Nov. 9, 2016). Therefore, vicarious liability is only a theory of liability and cannot stand on its own. *Id.*

Here, Cross Claimants' only claim against Walmart is an assertion of vicarious liability. [1] (Rec. Doc. 18). Because vicarious liability is not an independent cause of action and the Cross Claimants do not allege any other cause of action to which vicarious liability may attach, Cross Claimants cannot survive a judgment on the

---

[1] "Although it is the position of David Roddy that none of the actions taken by him on the date in question were improper or in anyway violative of the Plaintiff's rights, in the event that this Court should determine that Plaintiff is entitled to damages, and that some of those *damages were caused by David Roddy acting in the course and scope of his employment with Walmart, Inc., then, and only then, should Walmart, Inc. be vicariously liable for any damages cast against its agent, David Roddy*, acting in accordance with his course and scope of his employment with Walmart, Inc." (emphasis added)

5

pleadings. Moreover, even if vicarious liability is an independent cause of action, Cross Claimants fail to allege sufficient facts for all three elements of vicarious liability. First, the cross-claim alleges that Officer Roddy was "working in the course and scope of his employment with Walmart," but no additional facts or statements are included in the cross-claim to support Officer Roddy and Walmart's employment relationship. Second, Officer Roddy denies he even has liability when he alleges in the cross-claim that "the sole and proximate cause of any and all injuries and/or damages sustained by the Plaintiff, Courtney Meek, during the incidents sued upon were the actions and/or inactions of the Plaintiff herself, which actions and/or inactions are pled in bar of/reduction of any recovery by Plaintiff herein." (Rec. Doc. 18, at 6). Employee fault is a required element of vicarious liability that Officer Roddy vehemently denies. Therefore, even if vicarious liability is an independent cause of action, which it is not, Cross Claimants fail to allege sufficient facts to support their pleadings.

Next, Cross Claimants contend that they have new evidence of a sworn statement from Joyce Riascos which states that she was the one who initially detained Plaintiff. (Rec. Doc. 26, at 10). In opposition, Walmart argues that the Court cannot consider these new allegations because they were not set forth in the cross-claim. (Rec. Doc. 29, at 2). In evaluating a 12(b)(6) motion the court may only consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of [public record] which judicial notice may be taken under Federal Rule of Evidence 201." *See, e.g., Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735

(5th Cir. 2019). Here, Cross Claimants' new allegations are inappropriately raised in a motion of this type and will not be considered.

Finally, Cross Claimants ask the Court to grant them leave to amend their cross-claim. (Rec. Doc. 26, at 10). Walmart avers that amending the cross-claim would be futile because vicarious liability is not a cause of action and futile motions to amend need not be granted. (Rec. Doc. 29, at 3). Additionally, the scheduling order deadline to amend cross-claims, Walmart asserts, has passed because any amendments were due July 2, 2021. *Id.* at 4. Federal Rule of Civil Procedure 15(a)(2) permits the court to grant leave to amend "when justice so requires." However, 16(b)'s higher standard of "good cause and with the judge's consent" controls when a scheduling order deadline has expired. *See S&W Enter., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id.* Here, pursuant to the Scheduling Order, amendments to cross-claims were to be filed no later than July 2, 2021. (Rec. Doc. 22). Despite being past the filing date for amendments to pleadings, Cross Claimants have asserted no good cause for leave to amend their cross-claim beyond arguing that "[m]otions to dismiss are disfavored and rarely granted." Without good cause shown or even a showing that "justice so requires" amendment, the Court will not grant Cross Claimants' request for leave to amend their cross-claim.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Walmart's *Motion to Dismiss Cross-Claim* **(Rec. Doc. 23)** is **GRANTED**. Cross Claimants Sheriff Joseph P. Lopinto, III and Jefferson Parish Sheriff's Office Deputy David Roddy's claims against Walmart are hereby **DISMISSED with prejudice.**

New Orleans, Louisiana, this 5th day of October, 2021.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE